# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00206-CV

**Damiun Stillwell, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-05-0273-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from an order terminating the parental rights of appellant Damiun Stillwell to his child, G.T.S. Following the termination trial, the district court found by clear and convincing evidence that Stillwell: (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child; (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child; (3) failed to support the child in accordance with his ability; (4) constructively abandoned the child; and (5) failed to comply with the provisions of a court order that specifically established the actions necessary for Stillwell to obtain the return of the child. The district court also found by clear and convincing evidence that termination of the parent-child relationship was in the best interest of the child.

The evidence presented at the termination trial and considered by the district court included the testimony of Stillwell, Department caseworker Missy McCarty, and counselor Yvonne Garcia. Stillwell testified that he had fathered seven children, including G.T.S., with five different women. G.T.S. was in the care of the Department, two of the children resided with Stillwell and his wife, and the four other children lived with their mothers. Stillwell admitted that he paid child support for the four children who lived with their mothers, but he did not pay child support for G.T.S.

McCarty testified that the Department attempted to have Stillwell maintain telephone contact with G.T.S. while G.T.S. was in the Department's care, but that Stillwell had made only three or four short telephone calls to G.T.S. between September 2006 and January 2007. Furthermore, according to McCarty, Stillwell did not make any calls to G.T.S. after January 2007 through the time of the termination trial in December 2008. In fact, McCarty testified that she had not heard from Stillwell regarding G.T.S. since April 2007 and that since that time Stillwell had not shown an interest in G.T.S.

Garcia testified that she had been providing counseling services to G.T.S. since August 2005. According to Garcia, G.T.S. had told her that he did not like his father and would be "okay" with his father's parental rights being terminated. Garcia also testified that G.T.S. had visited Stillwell on three occasions in 2007. Garcia believed that things did not go well during the last visit, and that G.T.S. "came back definitely a different child" and did not want to resume telephone contact with Stillwell. Garcia testified that based on Stillwell's "lack of contact or inconsistent contact" with G.T.S., she had "significant questions about his motivation or his commitment to establish any kind

2

of relationship" with the child. Garcia affirmed that in her opinion, G.T.S. was ready to "move on" and look for a permanent family and a permanent home.

Stillwell's court-appointed attorney has filed a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Taylor v. Texas Dep't of Protective and Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Stillwell was provided with a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Anders*, 386 U.S. at 741-44; *Taylor*, 160 S.W.3d at 646-47. We affirm the district court's order of termination and grant counsel's motion to withdraw.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: December 2, 2009

3